```
 1
 2
 3
 4
 5
 6                    IN THE UNITED STATES DISTRICT COURT
 7                         FOR THE DISTRICT OF ARIZONA
 8
 9   Wendell Clayton Gordon,            )   CIV 10-364-PHX-SRB (MHB)
                                        )
10              Petitioner,             )   REPORT AND RECOMMENDATION
                                        )
11   vs.                                )
                                        )
12   C. Ryan, et al.,                   )
                                        )
13              Respondents.            )
                                        )
14   _____)
```

15   TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

16       On February 19, 2010, Petitioner Wendell Clayton Gordon, who is confined in the
17   Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus
18   pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner was convicted in Maricopa County
19   Superior Court, case #CR 1995-000954, of a probation violation and was sentenced to a 10-
20   year term of imprisonment. (Doc. 7.) In his Petition, Petitioner names C. Ryan and J.
21   Freeland as Respondents and the Arizona Attorney General as an additional Respondent.
22   Petitioner raises two grounds for relief: (1) Petitioner's sentence of lifetime probation
23   violated the constitution and laws of the United States; and (2) the trial court abused its
24   discretion when it imposed a 10-year sentence on Petitioner. (Doc. 1.)

25       On June 17, 2010, Respondents filed a "Notice of Pending State Court Proceedings
26   that Could Moot the Instant Federal Habeas Action" (Doc. 17). Attached as Exhibit A to
27   their Notice, Respondents submitted the active post-conviction relief docket from the
28   Arizona Court of Appeals indicating that Petitioner filed a petition for review with the

1  appellate court on December 7, 2009. (Doc. 17, Exh A.) The docket demonstrates that the
2  pending petition for review originated from Maricopa County Superior Court, case #CR
3  1995-000954. (Doc. 17, Exh. A.)

4  Given Respondent's evidence establishing that a petition for review relating to
5  Petitioner's instant habeas petition is currently pending in state court, the Court ordered
6  Petitioner to show cause why this action should not be dismissed as premature. (Doc. 18.)
7  On July 6, 2010, Petitioner filed his "Response" asserting that "to the best of his knowledge"
8  he has "no pending P.C.R. in State proceedings at this time." (Doc. 19.) In support of his
9  assertion, Petitioner submits the Maricopa County Superior Court docket in case #CR 1995-
10 000954. (Doc. 19, Exh. A.)

11 Having reviewed the parties' pleadings, the Court finds Petitioner's "Response" to the
12 Court's Order to show cause unpersuasive. Petitioner has submitted the docket from the
13 Superior Court. Respondent, however, has submitted the active docket from the Arizona
14 Court of Appeals establishing that Petitioner's petition for review relating to the instant
15 habeas petition is still pending.

16 Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust
17 remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel,
18 526 U.S. 838, 842 (1999). Proper exhaustion requires a petitioner to have "fairly presented"
19 to the state courts the exact federal claim he raises on habeas by describing the operative
20 facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404
21 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with
22 the same claim he urges upon the federal courts."). In cases not carrying a life sentence or
23 the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them.
24 See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

25 A petitioner has not exhausted state court remedies if he has a state appeal or post-
26 conviction proceeding pending at the time he files a petition for writ of habeas corpus in
27 federal court. See, e.g., Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (even where

1 claim to be challenged has been finally settled in state courts, petitioner must await outcome of his appeal in state court before remedies are exhausted); Schnepp v. State of Oregon, 333 F.2d 288 (9th Cir. 1964) (*per curiam*) (pending post-conviction proceedings precluded grant of writ of habeas corpus).

In light of Petitioner's post-conviction proceeding currently pending in the Arizona Court of Appeals, which could affect Petitioner's convictions and which could ultimately affect these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this time. See Sherwood, 716 F.2d at 634; Schnepp, 333 F.2d at 288.

Having determined that this habeas action is premature, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed without prejudice.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Petitioner's pleading entitled "Summary Judgement" (Doc. 16) be **DENIED** as moot.

DATED this 13th day of July, 2010.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge